BREAUX, C. J.
This is an action sounding in damages.
Plaintiff sues to recover $10,000 from the defendant for personal injuries suffered while at work in the defendants laundry.
She was employed hy the defendant on the 28th day of March, 1905. From that day to the day of the accident she worked near the machine known as the “mangle.” Her occupation at first was that of folder of clothing. On the morning of the 11th of April, 1905, other young girls having failed to report for work, the foreman asked the plaintiff to take the place of one of the number who had failed to come. Her reply was that she had never done the work she was called upon' to do; that is, feed the mangle with clothing.
The foreman then said he would show her. She took her place ancl, applied herself in performing the work devolving upon her. She continued at this work about one hour and a half, when her hand was caught and smashed between two rollers of the machine. She lost four fingers.
We deem it in place to describe as briefly as possible -tbe mangle in question.
It is a six-roller machine, bought about two-months before the accident, and placed, the evidence shows, properly in position. It carries through and irons different clothing with which it is fed. It has six large concave-chests heated by steam. Six xiadded rollers revolve in each of the concave chests. In front of the mangle there is an apron or fender ; also a safety roller, to protect those working in front of the machine in feeding clothing.
The evidence shows that the safety roller-is not dangerous. It is intended as a warning not to extend the hand further in the direction of the mangle at work.
The next rollers after this safety roller are about five inches from it.
Plaintiff was feeding the machine with the clothes to be ironed, when her hand was caught and mashed, as before stated. She-suffered intense pain and agony.
We infer that she was not injured by the safety roller, but by the first two large rollers of the machine.
Plaintiff testified that she felt the heat at the moment of the accident. She says that, the heat was at the first large roller.
We take it that this testimony confirms the testimony of the defendant’s witnesses, tracing the accident to the fact that she must have-placed her hand beween the two large rollers.
It is proper to here further state that the mangle was in good order — new. It continued, in use to the day of the trial of the case without the least alteration. It is a machine of a recent make, sold by a reliable firm. Defendant paid for it the highest price in the market; that is, $2,500. We are informed, by the testimony that it is a fair price for the- *51 machine. Its weight is 12 tons. It rests on a solid Schillinger foundation; does not wabble. Everything about this mangle was in .good order.
The important point for decision is whether the plaintiff had received sufficient warning from the foreman of defendant.
This court has repeatedly held that employers and their foremen must be careful to sufficiently warn recently employed persons at the time that they are put to work if there is danger in the work they are called upon to perform.
James v. Lumber Co., 50 La. Ann. 717, 23 South. 469, 44 L. R. A. 33, is a leading case upon the subject. The views it expresses have since been generally accepted as correct ■on this point.
The weight of the testimony in the pending ■case will have to determine whether or not this case falls within the terms of the cited case, supra.
Plaintiff testified that she did not receive .any warning from the foreman; that he sent her to the head of the machine to work, as before mentioned, and gave himself no further concern about her.
Another witness is equally as positive regarding the asserted failure to warn plaintiff.
The foreman testified that he gave no-rice to plaintiff, and that he warned her particularly about the rollers and told her to avoid them.
Another witness, a young girl, called by plaintiff .as a witness (we attach no importance to the fact that she was called by plaintiff, save that it is fair to assume she was in no way inimical), testified that the foreman notified the plaintiff.
The onus was with plaintiff. In the light of the rules of evidence, plaintiff has not made ■out her cause.
There is, to say the least, an equation between the two, the evidence for plaintiff and the evidence for defendant, which leaves plaintiff without proof sufficient to sustain her cause.
Soniething was said at bar about the little time that was taken in giving the notice or instruction to avoid danger.
It appears that five minutes, or about that time, were taken up in performing this duty.
The work required was not that of a skillful or trained person. The notice seems to have been sufficient to place plaintiff on her guard. Moreover, the danger was not concealed. There was an open view of the rollers. It was very evident that, if the hand got between them as they rolled, it would be mashed. The foreman told her, he says, not to let her hand be caught.
The master must provide a safe place for his employes to work, and machinery in good condition. If the machinery is in open view, the danger as well, he cannot be held, provided notice has been given to the employe in regard to the danger.
It devolves upon the servant by all reasonable means to avoid injury. It is his duty. This was the view clearly expressed in a well-considered case. Wormell v. Railroad Co., 79 Me. 405, 10 Atl. 49, 1 Am. St. Rep. 321.
It is the duty of the servant to exercise care proportionate to the danger of which he has knowledge. Labatt, Master and Servant, § 237.
The district judge, who heard the witnesses, had an opportunity to observe them as they testified, and arrived at the conclusion that plaintiff had not proven up her cause.
We have not found that he erred.
There is no striking similarity between the pending ease and the cited decision in Gracia v. Maestri Furniture Co., 114 La. 371, 38 South. 275.
In the latter the court found that the “boy was placed at a very dangerous position, without having been given proper information and warning.”
Regarding the latter “information” and the *53 "warning,” we have found that the plaintiff had not sustained her claim with preponderance of proof. She was informed and warned.
Regarding the former, the dangerous position at which plaintiff was placed, the weight of the evidence is that it was not dangerous unless the person feeding the machine passed her hand under the safety roller, a roller made and put in place to have the effect of a warning.
We have given this ease careful attention. Plaintiff has severely suffered. She has a severely maimed hand for life. Young and intelligent, she was at work at her allotted task.
The rules of law and evidence do not sustain her demand.
Wo are constrained in our view of this case to affirm the judgment of the lower court.
It is affirmed.